UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HASPEL, L.L.C.

                                          CIVIL ACTION

VERSUS

                                          NUMBER 12-774-JJB-SCR

SAMSUNG C&T AMERICA, INC.

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 21, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HASPEL, L.L.C.

VERSUS

SAMSUNG C&T AMERICA, INC.

CIVIL ACTION

NUMBER 12-774-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Haspel, L.L.C.  Record document number 5.  The motion is opposed by defendant Samsung C&T America, Inc. ("Samsung).[1]

Based on the applicable law and the analysis which follows, the Motion to Remand should be granted.

**Background**

Plaintiff Haspel, L.L.C., sued  defendant Samsung[2] in state court alleging that the plaintiff is the owner of a registered trademark and related logos for clothing and accessories, home furnishings and other home products and accessories.  Plaintiff entered into a Master License Agreement with Neema Clothing, Ltd.  The agreement granted Neema a license to use and sub-license the

---

[1] Record document number 7.  Plaintiff also filed a reply memorandum.  Record document number 10.

[2] Plaintiff is a Louisiana limited liability company whose members are citizens of Louisiana, and Samsung is alleged to be a corporation organized under the laws of New York with its principal place of business in New Jersey.  Record document number 1, Notice of Removal, ¶¶ 7-12.

use of the plaintiff's trademark in accordance with the terms of the Master License Agreement, with royalties to be paid to the plaintiff under the terms in the Master License Agreement. Subsequently, Neema entered into an assignment and assumption of the license agreement with Blue Lion Apparel, LLC. Neema assigned to Blue Lion its right to use and sub-license the plaintiff's trademark under the Master License Agreement, and Blue Lion assumed all of the duties owed to plaintiff under the Master License Agreement. Blue Lion then entered into a sub-license agreement with Samsung. The sub-license obligated Samsung to provide the plaintiff with the types of information and documents required under Section 5 of the Master License Agreement.

Plaintiff alleged that in October 2012 it made a formal request to Samsung to produce certain records it was required to provide under Section 6 of the Sub-License agreement. Plaintiff alleged further that all of the documents requested were within the scope of Section 6 and were necessary for it to properly determine the accuracy of the amount of royalties owed to it, and whether there has been any violation of the Master License and Sub-License Agreements.[3] Yet, despite its repeated requests, Samsung failed and/or refused to provide the records. Therefore, the plaintiff sought various forms of injunctive and declaratory relief in its

---

[3] Record document number 1, Petition for Preliminary and Permanent Injunction and/or for Declaratory Judgement and Damages, Exhibit A, ¶¶ 13 and 14.

petition, asserting that Samsung's refusal to allow access to the requested documents may result in irreparable damage to its trademark and business, including "damage to business reputation, loss of business opportunities, and harm to competitive positions, which damages are not sufficiently compensated by monetary damages."

According to the plaintiff, the documents are necessary for it to determine if there have been any violations of the agreements, and it sought an order enjoining Samsung's refusal to comply with Section 6, and a declaration that Samsung must make available for its immediate review: (1) current inventory reports of all Haspel-labled goods in Samsung/Blue Lion's warehouses; (2) goods on order by each customer, (3) goods in production, (4) goods in transit to Blue Lion, (5) all unfinished goods designated for Haspel only; and, (6) financial statements of Blue Lion from year-end 2011 and from the first, second and third quarters of 2012.  Finally, the plaintiff prayed for any other relief to which it may be entitled, including but not limited to monetary damages caused by Samsung's refusal to comply with and provide the documents required by Section 6 of the Sub-License Agreement.  Plaintiff also reserved the right to seek supplemental relief based on the declaratory judgment sought.[4]

Samsung removed the case to this court based on diversity

---

[4] *Id.*, ¶¶ 17, 23-25.

jurisdiction. After alleging the diversity of the parties,[5] Samsung asserted that the following allegations in the petition reasonably appear to show that the value of the right to be protected by the plaintiff is in excess of $75,000: (1) the object of the petition is to determine the accuracy of royalties owed and/or determine any violation of the agreements, and the royalties annually paid to plaintiff under the Master and Sub-License Agreement exceed $75,000; (2) plaintiff seeks any other relief, including but not limited to all monetary damages resulting from the defendant's refusal to make the books and records available; and, (3) given the plaintiff's failure to allege that the amount in controversy is less than $75,000 as stated in Louisiana Civil Code article 893(A)(1), the plaintiff's allegations amount to an indeterminate and unlimited request for damages given Louisiana law on the pleading/recovery of damages. Defendant Samsung asserted that the amount in controversy requirement is satisfied and that the plaintiff has the burden to demonstrate 'to a legal certainty that the claim is really for less than the jurisdictional amount.'"[6]

Plaintiff moved to remand and argued that Samsung failed to demonstrate that the suit involves an amount in controversy that

---

[5] Notice of Removal, ¶¶ 7-12,

[6] *Id.*, ¶ 32, quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 s.Ct. 586 (1938).

satisfies the requirement for diversity jurisdiction.  Plaintiff argued that it is apparent the object of the suit is to obtain an injunction and declaration ordering Samsung to make the information and documents available for its review as required by Section 6 of the Sub-License Agreement.  Plaintiff argued further that the only prayer for monetary damages in the petition is found in paragraph 25, which requests monetary damages caused by Samsung's refusal to provide the records.  According to the plaintiff, without any claim for a specific amount of damages, it is not facially apparent from these allegations that the amount in controversy exceeds $75,000.

Plaintiff acknowledged that the primary reason for the suit was to obtain the records for an audit to determine whether royalties have been underpaid, but asserted that the petition does not contain a claim for underpayment of royalties.  Finally, the plaintiff argued the fact that it may assert this type of claim in the future, or reserved the right to seek supplemental relief based on a declaratory judgment, does not change the fact that at the time of removal the amount in controversy requirement was not met.

In its opposition to the Motion to Remand, Samsung argued that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount.  Samsung essentially relied on the same allegations cited above that were made in its Notice of Removal. Samsung's principle argument is that the object of the litigation is the royalty payments owed under the Master and Sub-License

Agreements.   Therefore, defendant maintained, the amount in controversy is satisfied because royalties for four years are at issue, and the annual royalties exceed $75,000.   Samsung argued that the required amount is easily satisfied when this amount is combined with the other relief sought by the plaintiff (damages caused by Samsung's refusal to provide documents and information, and damages to Plaintiff's business reputation/opportunities), and the plaintiff's failure to deny in its petition or Motion to Remand that the amount of its claim is greater than $75,000.

## Applicable Law

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.   *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

When a declaratory judgment action filed in state court is removed to federal court, that action is, in effect, converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.   *Disanti v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 3338633 (E.D.Tex. Aug. 24, 2010); *Little Giant Mfg. Co. v. Chromalox Indus.*, 1996 WL 363026 (E.D. Tex. June 26, 1996).[7]   The federal Declaratory Judgment Act states in

---

[7] *See*, 14C Wright, Miller, Cooper & Steinman, *Federal Practice* (continued...)

relevant part:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).

Thus, § 2201 does not expand the jurisdiction of the federal courts or create substantive rights. It is only a procedural device that enhances the remedies available in the adjudication of a case or controversy. *In re Asbestos Litigation*, 90 F.3d 963, 991 (5th Cir. 1996).

The amount in controversy in an action for declaratory or injunctive relief is measured by the value of the object of the litigation. Stated another way, the amount in controversy in an action for declaratory or injunctive relief is the value of the right to be protected or the extent of the injury to be prevented. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998).

Because plaintiffs in Louisiana state courts may not plead a

---

[7](...continued)
*and Procedure*, § 3738, pp. 695-98 (4th ed. 2009)(removed case will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters).

numerical value of claimed damages,[8] the Fifth Circuit has established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000).  In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways:  (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts-- preferably in the removal petition, but sometimes by affidavit-- that support a finding the required amount is present.  *Id.; Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal.  *Gebbia*, 233 F.3d at 883.  If at the time of removal it is facially apparent

---

[8] Louisiana Civil Code article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."

Plaintiff did not allege that the claim was for less than the required jurisdictional amount.  While this factor supports finding that the plaintiff's claims are not for less than the amount required for diversity jurisdiction, it is not determinative and is considered in light of other evidence. *See*, *Weber v. Stevenson*, 2007 WL 4441261 *2 (M.D. La. Dec. 14, 2007); *Joseph v. State Farm Mut. Auto. Co.*, 2011 WL 2899127 (E.D. La., July 18, 2011).

from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. *Id.*  If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

Plaintiff moved for an award of attorney's fees under 28 U.S.C. § 1447(c).  There is no automatic entitlement to an award of attorney fees under § 1447(c).  The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary.  The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital*

9

*Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

## Analysis

Samsung's arguments in support of its removal are unpersuasive. If the object of the litigation is characterized simply as the plaintiff's effort to enforce its contractual right to examine Samsung's books, Samsung failed to point to allegations

10

or facts that indicate the value of this right.  If, as both sides acknowledge, the object is to obtain records so that the plaintiff can conduct an audit to accurately determine the amount of royalties owed and whether there has been an underpayment, the value of the unpaid royalties the plaintiff is seeking to collect is not facially apparent.  Samsung alleged in paragraph 25 of the Notice of Removal that the annual amount of royalties paid to the plaintiff exceed $75,000.  Samsung also stated that the plaintiff does not dispute this allegation.[9]  Accepting this as true, however, does not satisfy Samsung's burden of establishing the required jurisdictional amount.  Plaintiff is not seeking to recover the amount of royalties actually paid to the plaintiff – plaintiff seeks to recover the amount of royalties owed but not paid.  Obviously, any underpaid royalties are not included in the yearly amounts paid.  Thus, it would not be accurate to determine the value of underpaid royalties based only on the annual royalty payments.  There are no allegations or facts indicating what amount of royalties have not been paid under the agreements.  To come up with some amount or percentage based on the $75,000 annual royalty figure would be pure speculation.

Samsung's position also is not aided by the fact that the plaintiff seeks unspecified monetary damages for the refusal to

---

[9] Record document number 7, Samsung C&T America's Memorandum in Opposition to Motion to Remand, p. 5.

provide the records, possible business losses or supplemental relief. No facts are alleged, provided or even suggested by Samsung to estimate the amount of these damages. Ultimately, the only fact supporting Samsung's removal is that the plaintiff did not include in its petition a Louisiana Civil Code article 893(A)(1) allegation that its claim is for less than $75,000. This fails to carry Samsung's burden of proving by a preponderance of the evidence that the jurisdictional amount is satisfied.

Plaintiff also moved for imposition of attorney's fees under 28 U.S.C. § 1447(c). The record establishes that the plaintiff is entitled to an award of fees under the statute. At the time of removal, Samsung did not have an objectively reasonable basis to remove the suit. As explained above, while it was apparent that the object of the suit was to obtain documents to determine the accuracy of the royalties owed, it was not facially apparent that the amount of potential underpaid royalties or other relief sought exceeded $75,000. It was not objectively reasonable for Samsung to merely rely on the annual amount of royalties actually paid, without any allegations or facts to show how this figure could be used to calculate the amount of unpaid royalties that might actually be in dispute. Nor was it objectively reasonable for Samsung to rely on the absence of an Article 893 allegation and the possibility that the plaintiff might seek additional relief in the future to carry its burden of establishing the jurisdictional

12

amount.

Plaintiff suggested that an award of $2,000 in fees and costs would be appropriate.  Yet, the plaintiff did not provide any documentation to support an award of this amount, and a review of the motion and memoranda does not support a finding that such an award would be reasonable.  Review of the record, however, would support requiring Samsung to pay just costs and attorney's fees incurred as a result of the removal in the amount of $1,000.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Haspel, L.L.C. be granted.

It is further recommended that under 28 U.S.C. § 1447(c) defendant Samsung C&T America, Inc., be ordered to pay to the plaintiff fees and costs incurred as a result of the removal in the amount of $1,000, within such time as the court may direct.

Baton Rouge, Louisiana, February 21, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

13